UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE GORDON,

    Plaintiff,                                       Case Number 2:15-cv-10809

v.                                               Honorable Nancy G. Edmunds

JAMES LIVINGSTON,

    Defendant.
_____/

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Johnnie Gordon, a state inmate incarcerated at the Saginaw Correctional Facility, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court summarily dismisses the complaint.

**I. BACKGROUND**

On October 15, 2009, Plaintiff was convicted of first and second degree criminal sexual conduct and first-degree home invasion in the Saginaw Circuit Court. According to the complaint, Defendant is a police officer who interviewed the victim and conducted the investigation of the criminal charges against Plaintiff. The complaint alleges that Defendant failed to properly support his request for an arrest warrant, and he thereby violated Plaintiff's Fourth and Fourteenth Amendment rights, rendering his conviction invalid. The complaint does not specify the relief sought, seeking only to "allow Plaintiff to demonstrate his claim." Complaint, at 7.

1

## II. STANDARD

Civil rights complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, dismiss sua sponte a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

## III. DISCUSSION

Plaintiff's complaint seeks unspecified relief by asserting that his state court conviction is invalid. To obtain any form of relief for an allegedly unconstitutional conviction or imprisonment in a § 1983 suit, a plaintiff must prove that the conviction or sentence was reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated. *See LaFountain v. Harry*, 716 F.3d 944, 950 (6th Cir. 2013). Because Plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against Defendant fails to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 F. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

Furthermore, the Court cannot convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.* This Court cannot treat Plaintiff's complaint as an application for habeas corpus relief because the Court has no information that the Plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b) & (c), to obtain federal habeas relief. *Parker v. Phillips,* 27 F. Appx. 491, 494 (6th Cir. 2001); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998). Moreover, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich.

3

2004).

When a prisoner's civil rights claim is barred by the *Heck* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Therefore, because this Court is dismissing Plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(table case)(citing to *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).

### IV. CONCLUSION

IT IS ORDERED that the Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

s/ Nancy G Edmunds
Nancy G. Edmunds
United States District Court

Dated: May 21, 2015

### CERTIFICATION

I hereby certify that a copy of this Order was served upon counsel/parties of record on this 21st day of May, 2015 by electronic means and/or U.S. Mail.

s/ Carol J Bethel
Case Manager